UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY JACKSON,

      Plaintiff,

v.                                                                                    Hon. Paul L. Maloney

MEL TROTTER MINISTRIES, et al.,                              Case No. 1:25-cv-195

      Defendants.

## REPORT AND RECOMMENDATION

Plaintiff Jeffery Jackson filed his pro se complaint in this case on February 20, 2025, seeking to invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331 for claims asserted pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3). He sues Mel Trotter Ministries, Degage Ministries, Unknown Part(y)(ies) #1 identified as associated individuals, the Grand Rapids Police Department (GRPD), Grand Rapids Police Officer Unknown Woods, and Grand Rapids Police Officer Unknown Heidi.

Because Plaintiff has been granted permission to proceed as a pauper (ECF No. 7), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. After conducting this review, I recommend that the Court dismiss Plaintiff's complaint for failure to state a federal claim.[1] I recommend that Plaintiff's purported state-law claims be dismissed without prejudice.

---

[1] Although Plaintiff sued me in Case No. 1:25-cv-264, in which I recused, I find no need to do so here. "Recusal is not required simply because one of the parties has initiated litigation against the presiding judge." *Callihan v. Eastern Ky. Prod. Credit Ass'n*, No. 89-5578, 1990 WL 12186, at *2 (6th Cir. Feb. 13, 1990) (citing *United States v. Studley*, 783 F.2d 934, 939-40 (9th Cir. 1986)); *see also In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) ("There is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation

## I.    Background

Plaintiff alleges that on February 1, 2025, he sought emergency shelter at Defendant Mel Trotter Ministries, a non-profit homeless shelter located in Grand Rapids, Michigan. He alleges that Mel Trotter imposed a 30-day ban due to his conduct, resulting in the denial of overnight shelter, daytime warming services, food, showers, and hygiene facilities. (ECF No. 1 at PageID.2.) According to the exhibit Plaintiff attached to his complaint, he:

> Made derogatory comments "bitch, hoe ass bitch" and threats of physical violence towards GD Kassie and IS Koli, who[m] he threatened to find and harm outside. Also made aggressive and threatening comments to GRPD. Willingly left but threatened to come back. He returned later and proceeded to wait outside till [sic] the end of GD Kassie's shift.

(ECF No. 1-1.) Plaintiff alleges that the ban was unjustified because these allegations are false. He says this because no charges relating to these allegations were filed, thus allegedly proving they are false. (ECF No. 1 at PageID.2.)

Plaintiff alleges that on February 20, 2025, he went to the GRPD to obtain official confirmation that no criminal charges or allegations had been filed against him. Officer Woods told him that no charges had been filed and provided Plaintiff the report number, but refused to disclose its contents. Officer Woods denied Plaintiff's request to clarify the report's contents to allow Plaintiff to verify his legal status, which Plaintiff says violated his constitutional right to access exculpatory evidence. Plaintiff alleges that he was directed to Officer Heidi, who told him that he would be required to pay a $5 fee to obtain a copy of the report, which he claims violated his "lawful right to confirm his status." (*Id.* at PageID.3.)

---

with one of the parties."); *Garvins v. Hofbauer*, No. 2:09-cv-48, ECF No. 20 at PageID.324 (W.D. Mich. June 26, 2009) ("The mere fact that a plaintiff has filed a complaint for judicial misconduct against a judge cannot automatically require recusal of that judge."); *United States v. Arnold*, No. 2:13-cr-6, 2015 WL 13239175 (W.D. Mich. 2015) (denying motion to disqualify where the movant had filed a criminal complaint, complaint of misconduct, and civil lawsuit against the presiding judicial officer).

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

3

### A.    Degage Ministries and Associated Individuals

Plaintiff names Degage Ministries in this action but includes no factual allegation against it in his complaint. Similarly, he sues unidentified "associated individuals" but does not allege what they did to violate his rights. A plaintiff must attribute factual allegations to all defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where, as here, a person or entity is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Gilmore v. Corrs. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where the plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Rodriguez v. Jabe*, No. 90–1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Thus, Degage Ministries and the associated individuals are properly dismissed from the case on this basis.

### B.    Mel Trotter

Plaintiff contends that Mel Trotter denied him basic human needs (food, shelter, etc.) and discriminated against him in violation of the constitution. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).

Plaintiff fails to allege a valid claim under Section 1983. First, Mel Trotter is a private non-profit entity, not a state actor. Likewise, its employees and volunteers are not state actors. In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Where a defendant is not a state official or entity, its conduct will be deemed to constitute state action only if it meets one of three narrow tests. The first is the symbiotic relationship test, or nexus test, in which the inquiry focuses on whether "the State had so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Jackson*, 419 U.S. at 357–58. Second, the state compulsion test describes situations "in which the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." *NBC v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026 (11th Cir. 1988); *accord Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970). Finally, the public function test covers private actors performing functions "traditionally the exclusive prerogative of the State." *Jackson*, 419 U.S. at 353; *accord West*, 487 U.S. at 49–50. *See generally Lugar*, 457 U.S. at 936–39 (discussing three tests).

Here, Plaintiff alleges no fact indicating that Mel Trotter's conduct could be fairly attributed to the State under any of these tests. The fact that Mel Trotter receives state and/or federal funding is insufficient to characterize its actions as those of the state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 839 (1982); *see also Muzumala v. City of New York*, No. 22-CV-8423, 2023

WL 2216095, at *3 (S.D.N.Y. Feb. 21, 2023) ("Plaintiff's allegations that these defendants are homeless shelters, operate 'under DHS,' work for agencies that operate homeless shelters, or receive funds from the City of New York, are insufficient to suggest that their actions are attributable to the state.").

Plaintiff's claim against Mel Trotter also fails because he has no constitutional right to shelter, food, hygiene facilities and supplies, etc. The Eighth Amendment, which Plaintiff cites as the source of his claim, affords no basis for relief against Mel Trotter because that amendment only applies to incarcerated individuals who have been convicted of a crime. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). Plaintiff was not a prisoner at the time of the events in question. *See Fisher v. City of Detroit*, No. 92-1759, 1993 WL 344261, at *2 (6th Cir. Sept. 9, 1993) ("Because Fisher was not a prisoner at the time of the challenged conduct, the officers' conduct could not have deprived him of any Eighth Amendment rights." (footnote omitted)). Moreover, Plaintiff has no due process right to remain at a homeless shelter. *See Kennedy v. Fields*, No. 23-11949, 2024 WL 3331242, at *4 (E.D. Mich. May 14, 2024), *report and recommendation adopted*, 2024 WL 3220720 (E.D. Mich. June 26, 2024) (holding that the plaintiff had no claim that removing him from a homeless shelter violated his constitutional rights).

### C.    GRPD Defendants

Plaintiff fails to state a claim against the GRPD Defendants. First, the claim against the GRPD fails because a police department is not an entity capable of being sued. *See May-Shaw v. City of Grand Rapids*, No. 1:19-cv-117, 2019 WL 2265076, at *3 (W.D. Mich. May 28, 2019) ("It is well settled in Michigan that a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action.") (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007);

*Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997)). Thus, Plaintiff has no claim against the GRPD.

As to Officers Woods and Heidi, Plaintiff alleges that they violated his right to obtain exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). *Brady* held that a criminal defendant's due process rights are violated if the prosecution suppresses exculpatory evidence that is material to the defendant's guilt or punishment. *Id.* at 87. *Brady* has no possible application here, as Plaintiff admits that he was not subjected to criminal charges. Thus, the police report he sought could not have been material to his guilt or punishment. Accordingly, Plaintiff fails to allege a constitutional violation.

### D.    Other Claims

Plaintiff's other federal claims are also subject to dismissal. As noted, Plaintiff alleges a claim under 42 U.S.C. § 1985(3) for conspiracy to deprive him of "access to survival services." (*Id.* at PageID.4.) This claim fails because Plaintiff alleges no fact indicating that any Defendant was motivated by class-based animus. *See Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 765 (6th Cir. 2010) ("To sustain a claim under section 1985(3), a claimant must prove both membership in a protected class and discrimination on account of it."). In addition, the claim is based on conclusions, not facts. *See Saunders v. Ghee*, No. 94-4073, 1995 WL 101289, at *1 (6th Cir. Mar. 9, 1995) ("Even under the most liberal construction, Saunders's complaint under § 1985(3) merely alleges broad, conclusory language without the factual allegations necessary to support a conspiracy theory."); *O'Hara v. Mattix*, 255 F. Supp. 540, 542 (W.D. Mich. 1966) ("The courts will not accept mere allegations of conspiracy; there must be some showing of facts to support the conspiracy.").

Last, Plaintiff's claim based on the Treaty of Peace and Friendship brought under the Supremacy Clause is frivolous. *See Jackson v. United States*, No. 1:25-cv-116, 2025 WL 663210, at *2 (W.D. Mich. Feb. 13, 2025) (collecting cases), *report and recommendation adopted*, 2025 WL 660638 (W.D. Mich. Feb. 28, 2025) ("Plaintiff's contention that he is a 'moorish-american' citizen and subject to special treaty rights between the United States and the 'morrocan (Moorish) empire' is patently frivolous and grounds for dismissal for lack of jurisdiction.").

### E.    State Law Claims

Plaintiff purports to allege state-law claims of fraudulent misrepresentation and defamation. If the Court agrees with the foregoing recommendation to dismiss the federal claims, I recommend that it exercise its discretion to decline supplemental jurisdiction and dismiss the state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Generally, the Court should decline to hear state-law claims when all federal claims are dismissed before trial. *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) (citing *Carnegie–Mellon v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.")). Here, the litigation has just commenced, and Plaintiff may properly pursue his remaining claims in state court. *See Kelly v. City of New Philadelphia*, No. 5:20-cv-211, 2020 WL 2126665, at *3 (N.D. Ohio May 5, 2020) (declining to exercise supplemental jurisdiction where all of the federal claims were dismissed "at this early stage of litigation").

### III. Conclusion

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's federal-law claims for failure to state a claim and dismiss his state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.


Date:  April 2, 2025                                    /s/ Sally J. Berens
                                                       SALLY J. BERENS
                                                       U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).